258 So.2d 701 (1972)
Robert A. KIRCHMAN, Plaintiff-Appellant,
v.
Maurice MIKULA (Government Employees Insurance Company, Garnishee in Attachment), Defendants-Appellees.
No. 3756.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1972.
*702 Domengeaux & Wright by William P. Rutledge, Lafayette, for plaintiff-appellant.
Voorhies, Labbe, Fontenot, Leonard & McGlasson by Patrick A. Juneau, Jr., Lafayette, for defendant-appellee.
Howell A. Dennis, Lafayette, Curator ad hoc for absentee defendant.
Before FRUGE, SAVOY and HOOD, JJ.
SAVOY, Judge.
Plaintiff was injured on March 7, 1969, in the State of New Jersey while riding in a vehicle which was struck by another vehicle driven by defendant, Maurice Mikula. At the time of the accident, plaintiff was and still is a resident of Louisiana. At the time of the accident, defendant, Mikula, was and still is a resident of New Jersey. Government Employees Insurance Company (hereafter referred to as GEICO) had issued a policy of automobile liability insurance to the defendant in New Jersey.
Suit was instituted in the state district court in and for the Parish of Lafayette against defendant and his insurer attempting to attach the policy of insurance which had been issued and thus acquire an in rem judgment as a result of the accident. To the suit defendants filed an exception of lack of jurisdiction over the person, and also an exception of lis pendens insofar as a prior suit had been brought by plaintiff against defendants on the same cause of action in the U. S. District Court, Western District of Louisiana, Lafayette Division.
On the trial of the exceptions, the trial court sustained the exception of lack of jurisdiction and dismissed plaintiff's suit at his costs. From this adverse ruling plaintiff has appealed, contending the trial court erred in sustaining the exception of lack of jurisdiction and holding that the insurance policy was not subject to attachment under our law.
Counsel for plaintiff urges reversal of the trial court, relying upon Louisiana C. C.P. Article 3542 and the New York case of Seider v. Roth, 17 N.Y.2d 111, 269 N. Y.S.2d 99, 216 N.E.2d 312.
Article 3542 of the Louisiana Code of Civil Procedure provides as follows:
"A writ of attachment may be obtained in any action for a money judgment, whether against a resident or a nonresident, regardless of the nature, character, or origin of the claim, whether it is for a certain or uncertain amount, and whether it is liquidated or unliquidated."
In the Seider case, supra, a New York resident injured in an automobile accident in Vermont brought suit in New York against one of the drivers involved in the Vermont accident which driver was a resident *703 of Quebec. Plaintiff proceeded by attaching the obligation of Hartford Accident & Indemnity Company to defend and indemnify its insured which had been sued even though the insured was a resident of Quebec. Hartford, a Connecticut corporation, was doing business in New York although its policy was issued in Canada. The court held that the obligation of Hartford to defend and indemnify was an attachable debt, and thus acquired jurisdiction in rem.
Much criticism has evolved from the New York decision to allow the attachment of an insurance policy under such conditions, and other states have rejected such an approach. See Housley v. Anaconda Company, 19 Utah 2d 124, 427 P.2d 390 (1967); DeRentiis v. Lewis, 258 A.2d 464, (Supreme Court of Rhode Island, 1969); Jardine v. Donnelly, 413 Pa. 474, 198 A.2d 513 (1964); and State of Missouri at the Relation of Government Employees Insurance Company v. Lasky, 454 S.W.2d 942 (Mo.App.1970). The rationale of the states which are in conflict with the New York rule as to attachment of insurance policies is that the policy obligations to defend and indemnify and which are attempted to be used as a basis for jurisdiction to institute an action, may or may not, depending upon various events, at some future date, convert such policy obligations into a monetary debt to the insured.
Our Direct Action Statute (LSA-R.S. 22:655) has had the end result of making a fund directly available to one injured as the result of the acts of an insured, provided there are minimum contacts in Louisiana. These minimum contacts seem to have been presented in the case of Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 (1967) as either: (1) an accident or injury occurring within the state, or (2) a policy written or delivered within the state, even if an accident or injury occurred outside of the state. Neither of these is present in this case.
When considering the above, we must inevitably conclude that our Legislature did not wish to extend the right of direct actions against insurers to a case such as the one with which we must here decide; namely, one where a Louisiana resident is injured in another state by a nonresident covered by a liability policy issued in his own state and not in our state. Although New York has seen fit to grant such an action to its residents, we do not feel that such an extension should be made by the judiciary; but if it is to be made, it should be made by the Legislature.
The Fifth Circuit Court of Appeal reached the same result as we have in a case previously filed by the plaintiff in our suit against the defendants in our suit, styled Kirchman v. Mikula, etc., 443 F.2d 816 (1971).
For the reasons assigned the judgment of the district court sustaining the exception of lack of jurisdiction is hereby affirmed at plaintiff's costs.
Affirmed.