301 So.2d 741 (1974)
Linzie M. MORSE et ux., Plaintiffs-Appellants,
v.
HARTFORD CASUALTY INSURANCE COMPANY et al., Defendants-Appellees.
No. 4733.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
*742 Payton R. Covington, Lake Charles, for plaintiffs-appellants.
Jones, Kimball, Patin, Harper, Tete & Wetherill by Kenneth R. Spears, Lake Charles, for defendant-appellee.
Stockwell, St. Dizier, Sievert & Viccellio, by Robert W. Clements, Lake Charles, for defendant-appellee.
Before FRUGE, MILLER, and WATSON, JJ.
MILLER, Judge.
Plaintiffs Edna Morse and her husband appeal the dismissal of their suit against defendant Hartford Casualty Insurance Company on an exception to the trial court's jurisdiction. She contends that Louisiana's Direct Action Statute provides jurisdiction over an insurance company whose policy was written in Texas covering Texas residents who never had contacts with Louisiana, because plaintiff's injuries, resulting from an out of state accident, were caused by Hartford's Texas insured and a joint tortfeasor who was a Louisiana domiciliary. Hartford is qualified to do business in Louisiana. We affirm on different grounds finding plaintiffs have no right of action against Hartford.
The accident occurred in Texas. Plaintiff Edna and her husband are Louisiana residents. She was a guest passenger in a vehicle driven by Geraldine L. Keever and owned by Steve Keever, both Louisiana residents. The Keevers had liability insurance purchased in Louisiana through another company, and this suit, which named that company (as insurer of the joint tortfeasor Geraldine) a co-defendant, is pending before the trial court.
With a policy written in Texas, Hartford insured the other vehicle involved in the accidenta truck owned by a Texas corporation not authorized to do and not doing business in Louisiana. The truck was operated by a Texas resident.
This action was brought under Louisiana's Direct Action Statute, LSA-R.S. 22:655, which provides in pertinent part:
... The injured person or his or her survivors or heirs hereinabove referred *743 to at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Art. 42, Code of Civil Procedure. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana....
The trial court found that since the accident did not occur within Louisiana (as specifically required in the statute), and Hartford's policy was not written in Louisiana (as the statute was interpreted in Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 [1967]), plaintiffs could not join Hartford as defendant in this Louisiana proceeding.
The quoted statute is not jurisdictional. Instead the cited provisions deal with venue. In Davis v. Hanover Insurance Company, 289 So.2d 292 (La.App. 3 Cir. 1974), we discuss the venue granted by LSA-R.S. 22:655 holding that C.C.P. art. 42 did not incorporate the exceptions provided in C.C.P. arts. 71-83.
Venue has not been questioned by defendant Hartford. Jurisdiction is the issue. The Direct Action Statute is not a legislative grant of jurisdiction. It merely gives claimant a direct right of action and a method for enforcing their right against liability insurers when they have a cause of action against the insured, or where the insured would be liable but for an immunity personal to him. Weingartner v. Fidelity Mutual Insurance Company, 205 F.2d 833 (5th Cir. 1953); Taylor v. Fishing Tools, Inc., 274 F.Supp. 666 (U.S.D.C.La., E.D.1967). There must be an independent legislative grant of jurisdiction which satisfies due process requirements of "minimum contacts", together with service of process, before a claimant may utilize this right of direct action against the liability insurer.
The issues are: When a Louisiana resident joint tortfeasor is a named defendant in a tort claim flowing from an out of state accident, does Louisiana have sufficient due process "minimum contacts" to find jurisdiction over an insurance company doing business in Louisiana, but which insured nonresident defendants with a policy written in another state? If so, do plaintiffs have a right of action?
In Smith v. Globe Indemnity Co., 243 So.2d 882 (La.App. 1 Cir. 1971), the court considered the question of whether Louisiana courts have jurisdiction in a suit by a Louisiana resident against a nonresident workmen's compensation insurer, on a policy written in another state when the accident and employment occurred in another state. The only contact the insurer had with Louisiana was that it was authorized to do and was doing business in Louisiana. After reviewing the jurisprudence, the court found jurisdiction, stating that:
The ... statute (LSA-R.S. 22:985) makes no distinction between causes of action arising out of business transacted in and out of this state. The language of the pertinent statute is sufficiently broad to include "any action" which a citizen of this state may have against a foreign insurance corporation. Id. at page 885.
The court held R.S. 22:985 sufficiently broad to vest Louisiana courts with jurisdiction in the matter. We agree.
A state has a right to protect its citizens and to do so may enact statutes to provide jurisdiction over foreign corporations in matters where "minimum contacts" exist. Morrison v. New Hampshire Insurance *744 Company, 249 La. 546, 187 So.2d 729 (1966). Qualification to do and doing business in Louisiana is sufficient "minimum contacts" to confer jurisdiction on Louisiana's courts. Smith v. Globe Indemnity Co., 243 So.2d 882 (La.App. 1 Cir. 1971); Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1953); Minichiello v. Rosenberg, 410 F.2d 106 (2nd Cir. 1968), U.S. cert. denied 396 U.S. 844, 90 S.Ct. 69, 24 L.Ed.2d 94, reh. denied 396 U.S. 949, 90 S.Ct. 370, 24 L.Ed.2d 254.
We therefore find jurisdiction over the person of defendant Hartford.
Having found jurisdiction, we notice on our own motion that plaintiffs do not have a right of action against Hartford. C.C.P. art. 927 provides that such notice may be taken by an appellate court on its own motion.
In order to institute suit directly against Hartford, plaintiffs must come within the provisions of the Direct Action Statute, LSA-R.S. 22:655. This statute applies to an accident or injury which occurred within Louisiana. Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 (1967) extended the statute to insurance policies written or delivered in Louisiana, even if the accident or injury occurred in another state. The Webb case was presented and decided on an exception of no right of action.
In Kirchman v. Mikula, 258 So.2d 701 (La.App. 3 Cir. 1972), we were presented with a situation similar to the one now before us. In Kirchman we had a Louisiana resident involved in an out of state accident with a nonresident whose insurance policy was issued in another state. Although we wrote in terms of "jurisdiction" we found that plaintiff did not have a "right of action." We there stated that "... our Legislature did not... extend the right of direct actions against insurers ... where a Louisiana resident is injured in another state by a nonresident covered by a liability policy issued in his home state.... [This] extension should (not) be made by the judiciary; but if it is to be made, it should be made by the Legislature." Id. at 703.
The same result reached in Grinnell v. Garrett, 295 So.2d 496 (La.App. 3 Cir. 1974) is correct.
The Direct Action Statute, LSA-R.S. 22:655, does not grant a right of action to a Louisiana resident against an insurance company doing business in Louisiana when (1) the accident occurs in another state, and (2) the insurance policy sued upon was issued in another state.
The added factor that the joint tortfeasor is a Louisiana domiciliary does not grant a right of action under LSA-R.S. 22:655.
On finding no right of action, we affirm the dismissal of the suit as to defendant Hartford. Costs are assessed to plaintiff appellant.
Affirmed.