334 So.2d 467 (1976)
Rudolph Dawes EASTERLY and William E. Wild, Jr.
v.
DYNAMIC ENTERPRISES, INC., et al.
No. 10871.
Court of Appeal of Louisiana, First Circuit.
May 24, 1976.
Rehearing Denied June 30, 1976.
Writ Refused October 20, 1976.
*468 Arthur H. Andrews, Baton Rouge, for defendant-relators.
Paul H. Due, Baton Rouge, for plaintiffs-respondents.
Before LANDRY, SARTAIN and CHIASSON, JJ.
CHIASSON, Judge.
This matter is before this Court on a Writ of Certiorari or Review previously granted by this Court to defendants, Utica Mutual Insurance Company, National Estates, Eddie P. Draughon and Oscar N. Harris. The writ concerns a judgment of the Trial Court overruling the Exception of Improper Service of Process and Lack of Jurisdiction in Personam filed by National Estates, Draughon and Harris, and the judgment of the Trial Court overruling Utica Mutual's Exception of No Right of Action.
The plaintiffs, Rudolph Easterly and William Wild, Jr., who are Louisiana residents allege in their petition that they suffered severe injuries as the result of a motor vehicle accident on July 12, 1975 in Memphis, Tennessee. The accident involved an Orange Mound Cab in which plaintiffs were paying passengers and a truck owned by one or more of the defendants, National Estates, Draughon, Harris and Dynamic Enterprises, Inc.
The petition alleges the status and domiciles of the defendants as:
"A. DYNAMIC ENTERPRISES, INC., a foreign corporation authorized to do and doing business in the State of Louisiana and in Livingston Parish;
"B. UTICA MUTUAL INSURANCE COMPANY, a foreign insurance corporation authorized to do and doing business in the State of Louisiana;
"C. NATIONAL ESTATES, alleged on information and belief to be a partnership organized under the law of the State of North Carolina, but doing business in interstate commerce, in Louisiana and in this parish and deriving substantial revenue therefrom, and thus amenable to exercise of personal jurisdiction by this Court;
"D. EDDIE P. DRAUGHON, of legal age, and alleged on information and belief to be a domiciliary and resident of the State of North Carolina, sued individually and as one of the two partners comprising defendant, National Estates, a nonresident doing business in the State of Louisiana and deriving substantial revenue therefrom, and thus amenable to exercise of personal jurisdiction by this Court; and
"E. OSCAR N. HARRIS, of legal age, and alleged on information and belief to be a domiciliary and resident of the State of North Carolina, sued individually and as the other partner comprising defendant, National Estates, a nonresident doing business in the State of Louisiana and deriving substantial revenue therefrom, and thus amenable to exercise of personal jurisdiction by this Court."
Dynamic Enterprises has been served through its Louisiana agent for service of process and has filed an answer. Service on National Estates, Draughon and Harris was made pursuant to the Louisiana Long *469 Arm Statute (R.S. 13:3201 et seq.). Utica Mutual was served through the Secretary of State.
R.S. 13:3201 provides:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or
(3) having an interest in, using, or possessing a real right or immovable property in this state."
The defendants contend that the Court does not have personal jurisdiction over them under R.S. 13:3201 because:
"The statute confers jurisdiction only:
(1) where one of the jurisdictional bases enumerated in subsections (a) through (e) is present; and then only
(2) where the cause of action arises from one of the jurisdictional bases specified." Rush v. Matson Navigation Company, 221 So.2d 265 (La.App., 2nd Cir. 1969).
The facts as alleged by the plaintiff do not establish any of the above enumerated jurisdictional bases.
The plaintiff contends that the holding in Rush v. Matson Navigation Company, supra, is in error because it fails to consider the purpose for which the statute was drafted. Comment (a) to LSA-R.S. 13:3201 states that:
"(a) R.S. 13:3201 through 13:3207 were adopted on the recommendation of the Louisiana State Law Institute to permit the courts of this state to tap the full potential of jurisdiction in personam over nonresidents permitted by International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)."
Plaintiff argues that the Long Arm Statute gives Louisiana Courts jurisdiction in personam over nonresidents in all cases permitted by decisions of the U. S. Supreme Court. Liddell v. Hanover Insurance Company, La.App., 289 So.2d 299 (1st Cir., 1973); Aucoin v. Hanson, La., 207 So.2d 834 (La.App., 3rd Cir., 1968). The Long Arm Statute was drafted to "tap the full potential of jurisdiction in personam over nonresidents permitted by International Shoe Co. v. State of Washington and McGee v. International Life Insurance Company." (citations omitted). The United States Supreme Court in International Shoe Co. v. State of Washington, supra, stated that:
"to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue." (emphasis added).
In McGee v. International Life Insurance Co., supra, the Court held "It is sufficient for purposes of due process that the *470 suit was based on a contract which had substantial connection with that State." (emphasis supplied). An examination of these cases, the language of LSA-R.S. 13:3201 and prior Louisiana jurisprudence indicates that the statute was enacted to provide Louisiana Courts with jurisdiction in personam over nonresidents where the nonresident has the "minimum contact" required by due process and the cause of action sued upon is connected to acts in which the state has a valid interest.
The record contains no evidence supporting plaintiffs' allegations that defendants, National Estates, Draughon, and Harris, do business in Louisiana and derive substantial revenue from this business.
In addition, the plaintiffs were injured while riding in a taxi in Tennessee. Louisiana's only connection with the cause of action is that two of its citizens are parties to the suit. A substantial connection does not exist between the events leading to this cause of action and this state. Therefore, the Long Arm Statute does not provide jurisdiction in personam over defendants, National Estates, Draughon and Harris.
The plaintiffs' cause of action as to Utica Mutual is based on the Louisiana Direct Action Statute (R.S. 22:655) which provides in part:
"This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana."
For a right of action to exist against the insurer it has been held that the accident or injury must occur within the state, or the policy of insurance must be written or delivered within the state. Kirchman v. Mikula, La.App., 258 So.2d 701 (3rd Cir., 1972). Morse v. Hartford Casualty Ins. Co., 301 So.2d 741 (3rd Cir., 1974). Sacher v. Columbia Steamship Company, 493 F.2d 1109 (5th Cir., 1974). Under this interpretation the plaintiffs have no right of action against Utica Mutual because the accident occurred in another state and the policy was written or delivered in another state. The plaintiffs argue that these cases incorrectly interpret the holding of the Louisiana Supreme Court in Webb v. Zurich Insurance Co., 251 La. 558, 205 So.2d 398 (1967). In this case the Court held:
"The legislature never intended by its adoption of Act 541 of 1950 to limit R.S. 22:655 to accidents occurring in the state. Its intention, instead, was to simply provide that when the accident or injury does occur within Louisiana, the direct action right exists `whether the policy of insurance sued upon was written or delivered in the state of Louisiana or not and whether or not such policy contains a provision forbidding such a direct action.'"
The plaintiffs contend that this case is not authority for holding that where the accident does not occur in this state the policy of coverage must have been issued or delivered in this state. Rather, plaintiffs suggest that Webb v. Zurich Insurance Co., supra, holds that this statute ". . . make[s] a fund directly available to one injured as the result of the acts of an insured, provided there are minimum contacts in Louisiana" and that the Court should look at several factors, not just the two requirements mentioned before, to determine if jurisdiction exists.
The plaintiff is obviously confusing the "minimum contacts" test for jurisdiction over the person with the statutory grant of a right of action, as allowed by LSA-LRS 22:655. In Morse v. Hartford, supra, the Court had occasion to deal with a set of circumstances, not unlike those found in the instant case. In Morse, the defendant-insurer was sued under the Direct Action Statute due to an automobile accident *471 which occurred out of state, involving an insured whose policy was written or delivered outside the state. The Court held that the insurer, who was qualified to do business in Louisiana, was subject to the jurisdiction of the Courts of Louisiana due to certain minimum contacts with this state, however, the plaintiff had no right of action against the defendant insurer under the Direct Action Statute due to the fact that the policy was neither written nor delivered in the state and the accident occurred outside the state.
Therefore, for the aforementioned reasons, the Writ is made peremptory and the suit is dismissed as to National Estates, Draughon, Harris and Utica Mutual, with the cost to be borne by the plaintiffs.
WRIT MADE PEREMPTORY AND SUIT DISMISSED.