343 So.2d 353 (1977)
Vickey Ann ESTEVE
v.
ALLSTATE INSURANCE COMPANY et al.
No. 7794.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
Writ Granted May 6, 1977.
*354 Lazard Levy, Marrero, for plaintiff-appellant.
Francipane, Regan & St. Pee Chester Francipane, G. T. Breedlove, Metairie, for defendant-third party plaintiff-appellant, Maryland Cas. Co.
Murphy & Simon, E. Kelleher Simon, New Orleans, for defendant-third party defendant-appellee, Allstate Ins. Co.
Before SAMUEL, LEMMON and GULOTTA, JJ.
GULOTTA, Judge.
We are confronted with the question whether LSA-R.S. 22:655, the "direct action" statute, is applicable in a personal injury suit filed by a Louisiana resident in a Louisiana court against an insurer (Allstate Insurance Company) of a nonresident driver when the automobile accident giving rise to the damages occurred in Florida and the insurer issued the policy to the nonresident driver in that state.
The facts are that plaintiff sustained injuries as a result of a two-car collision in the State of Florida. Plaintiff was a guest passenger in a vehicle owned by a Louisiana resident. The host-driver was also a Louisiana resident. The other vehicle involved in the accident was owned and driven by a Florida resident.
Plaintiff filed suit in Jefferson Parish against the host-vehicle owner and her insurer, the host-driver and her insurer, and the insurer of the Florida resident-driver. Subsequently, Maryland Casualty (hostowner's insurer) filed a third party demand against Allstate (Florida resident's insurer) and State Farm (host driver's insurer).
The trial court maintained Allstate's exceptions of no right of action and dismissed plaintiff's demand and the third party demand against the nonresident's insurer on the ground that the direct action statute was not applicable. Plaintiff and Maryland Casualty appeal. We affirm.
LSA-R.S. 22:655, as amended, provides for a right of direct action against an insurer when the accident or injury occurred within the State of Louisiana, whether or not the insurance policy was written or delivered in this state. The Louisiana Supreme Court in Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 (1967) extended the application of this statute to suits filed in Louisiana arising out of accidents which occurred outside of the state, provided the insurance policy was issued in the State of Louisiana. In our case, plaintiff seeks to further extend the applicability of the statute to a suit arising out of an accident occurring outside of Louisiana, when the policy was issued outside of the state.
We have not found, nor have we been cited, any cases from this circuit on this question. However, in Morse v. Hartford Casualty Insurance Company, 301 So.2d 741 (La.App. 3d Cir. 1974), the Third Circuit, citing the Webb case, stated that the "direct action" statute was inapplicable when both: 1) the accident or injury had occurred outside of Louisiana and 2) the *355 policy sued upon had been written or delivered outside Louisiana. The court in Morse concluded that the Louisiana resident-plaintiff had no right of action against the nonresident's insurer even though the insurer was doing business in Louisiana. See also Kirchman v. Mikula, 258 So.2d 701 (La.App. 3d Cir. 1972). We are in accord with the holding of the Third Circuit in Morse and conclude that the securing of the policy within Louisiana is a sine qua non of the right of direct action in those cases where the accident occurred outside of Louisiana.
However, we are presented with plaintiff's and Maryland Casualty's interesting argument based on Smith v. Globe Indemnity Co., 243 So.2d 882 (La.App. 1st Cir. 1971), in which the First Circuit held that a Louisiana court had jurisdiction over a New York workmen's compensation insurer in a suit arising from a work-related injury in Tennessee to a Louisiana resident where the employment contract had been written in Tennessee. The Smith holding rests on the decision of the U.S. Supreme Court in Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), which determined that no due process prohibition exists to a suit filed in the state of the plaintiff resident against a nonresident defendant if that nonresident is authorized to do and is doing business in the state where the suit is filed, although the cause of action arose outside of that state. Citing a Florida case, Shingleton v. Bussey, 223 So.2d 713 (Fla.1969), third party plaintiff, Maryland Casualty argues that the Florida case holds that a contract of liability insurance is a contract for the benefit of a third party and an injured plaintiff has a direct cause of action against the alleged tort feasor's insurer. Applying the holding of the First Circuit in the Smith case, which cited the holding of the U.S. Supreme Court in Perkins, and following the rationale of the Florida court in Shingleton,[1] plaintiff and Maryland Casualty contend that in addition to the rights conferred by the direct action statute against the insurer of the nonresident defendant, an additional right of action exists where a Louisiana resident files suit in Louisiana against a nonresident defendant when the accident occurred outside of the state if the nonresident defendant does business or is authorized to do business in Louisiana. We do not agree.
As pointed out by our brothers on the Third Circuit, the Smith court was confronted with a jurisdiction question. The direct action statute was not before the Smith court, and Morse distinguishes the Smith case on the ground that the Morse court was confronted with a direct action statute and not merely a jurisdiction question. Our problem, as in Morse, is the application of the direct action statute. Absent the right conferred on the Louisiana resident-plaintiff by the direct action statute, no right of action exists in Louisiana against the insurer directly. It is important to realize, at this point, that the Florida resident-driver, Allstate's insured, is not a party defendant.
If we were to adopt the argument conferring the right upon the Louisiana resident against the insurer of the nonresident defendant by virtue of the combined holdings in the Louisiana Smith case, the Florida Shingleton case and the U.S. Supreme Court Perkins case, no necessity would exist for the adoption of the direct action statute. If we follow plaintiff's and Maryland Casualty's logic, then in those cases where an insurer of a nonresident defendant does business in this state and the cause of action arises outside of Louisiana, any Louisiana resident can file a direct action suit (without the direct action statute) against the insurer without the necessity of joining the nonresident-tortfeasor-insured. We find no authority beyond plaintiff's and Maryland Casualty's argument based on Smith, Perkins and Shingleton.
The U.S. Supreme Court decision in Perkins might be applicable if suit were *356 filed against the nonresident-tortfeasor-defendant who does business in Louisiana, but the direct action acquired against the insurer of the nonresident tortfeasor comes into existence by virtue of the insurance contract. Without the insurance contract, no cause of action exists against the insurer. The effect of the Louisiana Supreme Court decision in Webb is that if the contract were not written in Louisiana and the accident occurred outside of the state, the direct action statute does not apply. Under the circumstances of the instant case, since the accident occurred in Florida and the policy was secured in that state, we conclude, following the rationale of the Louisiana Supreme Court in Webb, plaintiff has no right of direct action against Allstate under LSA-R.S. 22:655. Accordingly, the judgments of the trial court, maintaining Allstate's exceptions of no right of action and dismissing plaintiff's, Vickey Ann Esteve's, and third party plaintiff's, Maryland Casualty Company's, claims against Allstate Insurance Company, are affirmed.
AFFIRMED.
LEMMON, J., dissents with written reasons.
LEMMON, Judge, dissenting.
The issue in this case is not whether R.S. 22:655 applies here to permit plaintiff to bring a direct action, but whether under the facts of this case plaintiff is prevented from bringing a direct action as a third party beneficiary under the insurance contract.
Tort victims are generally prevented from bringing a direct action because "no action" clauses usually contained in liability insurance contracts prohibit the bringing of an action by a third party until certain conditions precedent have been satisfied. Louisiana, viewing contracts of liability insurance as more than a private contract between two parties and realizing that such contracts are issued for the protection of the public and the benefit of injured persons as well as for the protection of the insured, enacted the direct action statute specifically to overcome the prohibition contained in "no action" clauses. See Webb v. Zurich Ins. Co., supra.
In the absence of a valid "no action" clause in this case, there is nothing to prevent plaintiff from bringing a direct action against Allstate in Louisiana under general contract law, as a third party beneficiary under the insurance contract.[1] Because I conclude that any "no action" clause in Allstate's policy is invalid, I deem it irrelevant whether R.S. 22:655 applies by its terms in this case.[2]
Determination of the validity of a "no action" clause is usually a choice of laws problem. However, in the present case there is no conflict of laws, because both Louisiana and Florida consider "no action" clauses invalid.[3]
*357 Consequently, the choice of laws problem as to whether Louisiana can constitutionally, within due process limitations, apply R.S. 22:655 or its public policy against "no action" clauses to allow a right of direct action for injuries received outside of Louisiana, when the insurance contract was issued in another state, is not reached in this case.[4] Whether Louisiana law or Florida law is applied, this plaintiff had the right to bring a direct action as a third party beneficiary under Allstate's contract. Thus, it is immaterial whether Louisiana had sufficient contacts with the controversy or the parties to make it permissible within due process limitations to use Louisiana law in the adjudication.
Since under the law of Florida (where the policy was issued and the accident occurred), Allstate's policy could not validly prohibit a direct action by a tort victim, this plaintiff undoubtedly could have brought a direct action in Florida. I fail to see any reason why this plaintiff cannot bring a direct action in Louisiana under the insurance contract, which (viewed under either Louisiana or Florida law) has no valid prohibition against direct actions, as long as Louisiana has jurisdiction over the person as to Allstate.[5]

APPENDIX
In the determination of whether R.S. 22:655 applies to a given set of facts and whether due process limitations otherwise prevent the bringing of a direct action in Louisiana, the following four situations are possible relative to the place of occurrence of the accident and the place of issuance of the policy:
1. The accident occurred in Louisiana, and the policy was issued in Louisiana.
2. The accident occurred outside of the state, but the policy was issued in Louisiana.
3. The accident occurred in Louisiana, but the policy was issued outside of the state.
4. The accident occurred outside of the state, and the policy was issued outside of the state.
In Situation No. 1 the terms of the direct action statute are clearly applicable, and such an action presents no problem of due process limitations on a state's choice of law.
Situation No. 2 was presented in Webb v. Zurich Ins. Co., supra. In deciding the applicability of the statute in that case, the Supreme Court was troubled by the wording of the 1950 amendment, in that literal interpretation of the clause "provided the accident or injury occurred within the State of Louisiana" would have prevented application of R.S. 22:655 in cases where the accident occurred elsewhere. The court interpreted the "provided" clause as meaning that "when" the accident or injury occurs here, the right of direct action exists, regardless of where the policy was issued.[6] Using converse reasoning, the court held that when the policy is issued here, R.S. 22:655 permits direct actions, even "when" the accident occurred out of state.[7]
Situation No. 3 is one to which R.S. 22:655 clearly applies, but which presents a *358 substantial choice of laws problem. The case of Watson v. Employers Liab. Assur. Corp., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74 (1954) involved a direct action, by a Louisiana resident for injuries received in Louisiana, against a foreign insurer on a contract issued in Massachusetts (where "no action" clauses were binding and enforceable). The court held that Louisiana had a legitimate interest in safeguarding the rights of persons injured in the state which was not outweighed by Massachusetts' interest in the policy sued upon.
Situation No. 4 materializes in the present case. If there were a conflict between the laws of Florida and Louisiana on the validity of "no action" clauses, then the court would be faced with the difficult determination of whether Louisiana has sufficient contacts with the parties or with the facts so as to make it reasonable for this state to apply its own policies and laws in adjudicating the controversy.[8] Since there is no conflict of laws problem, this court may apply either Louisiana or Florida law and permit this plaintiff to bring a direct action.
NOTES
[1] The Florida holding is not inconsistent with Louisiana's interpretation of automobile liability insurance contracts. Musmeci v. American Automobile Insurance Company, 146 So.2d 496 (La.App. 4th Cir. 1962); Churchman v. Ingram, 56 So.2d 297 (La.App. 2d Cir. 1951).
[1] Actually, Allstate's policy is not in the record (which alone is sufficient reason to overrule the exception), but for present purposes I assume the policy contains a "no action" clause.
[2] Since the primary purpose of R.S. 22:655 is to nullify "no action" clauses, application of that statute is unnecessary in a direct action where the "no action" clause is otherwise invalid.
[3] In Shingleton v. Bussey, supra, the Supreme Court of Florida declared violative of the state's public policy any insurance contract provision which prohibited a direct action against the insurer, explaining:

"The insured and the insurer cannot constitutionally contract away or postpone the speedy and adequate remedy the law affords a third party, nor impose unusual limitations upon the latter's right to jointly sue adverse parties. Balanced, therefore, against the public policy of this state favoring the elimination of multiplicity of suits and unreasonable impediments to the remedial process of adjudication of adversary rights conferred by the operation of substantive principles of law, we think the `no joinder' restriction in the subject policy goes much too far and therefore should be construed as securing for the insurer only the right to assert the nonliability and not the nonjoinder of the insured with the insurer as a condition precedent to the liability of the insurer.
* * * * * *
"In any case, it seems anomalous to public policy to procedurally sanction and condone a situation where the ultimate beneficiary of policy proceeds is deprived by a provision in the policy of an open, speedy and realistic opportunity to pursue by due process his right of an adequate remedy at law jointly against the insured and insurer."
[4] See Appendix to this opinion for an analysis of that problem.
[5] Jurisdiction of the Louisiana court over the person was the sole issue decided in Smith v. Globe Indem. Co., supra. That decision also discussed at length the doctrine of forum non conveniens, which has pertinence only after it is decided that the court has jurisdiction.

The sole issue in this appeal is plaintiff's right to bring a direct action against Allstate under the insurance contract.
[6] The court only commented upon legislative intent and did not pass upon the validity of legislative attempt to regulate insurance contracts issued outside of the state. That issue was not before the court under the facts of the Webb case.
[7] Once the problem of the language in the "provided" clause was resolved, the court had no difficulty in determining that Louisiana can constitutionally regulate policies of insurance issued in the state and nullify policy stipulations contrary to the Louisiana law which permits direct actions.
[8] For further discussion see Weintraub, Commentary on Conflicts of Laws, Ch. 9 II A (1971).