CHIASSON, Judge.
Plaintiff Clarence R. Farrell appeals the dismissal of his suit against Employers Mutual Liability Insurance Company of Wisconsin [1] (Employers) on an exception of lack of in personam jurisdiction. The plaintiff, a Louisiana resident, alleges in his petition that he suffered severe injuries on June 1, 1976, while attempting to lower a burial vault into a grave located in the Ellis Cemetery near Franklinton, Louisiana. The injury occurred when a part of the device he was using came off and struck him. Farrell sued John W. Wilbert, Jr., F. Anton Wilbert, Michael W. Smith and The Travelers Insurance Company, all of whom plaintiff alleged were domiciled in Louisiana.
By supplemental and amending petition, plaintiff added as defendants, Milton B. Gold, Ruth Gold, d/b/a Gold Foundry and Machine Works, and their insurer, Employers. The defendants, Milton B. Gold, Ruth Gold, d/b/a Gold Foundry and Machine Works, and Employers filed exceptions of lack of jurisdiction in personam. On May 9, 1978, the trial court sustained the exception of lack of jurisdiction in personam as to Milton B. Gold and Ruth Gold, d/b/a Gold Foundry and Machine Works, and dismissed plaintiff’s suit as to them with prejudice. On May 24, 1978, the trial court sustained the exception of lack of jurisdiction in per-sonam as to Employers and dismissed plaintiffs suit as to it with prejudice. Plaintiff took a devolutive appeal only from the judgment which sustained Employers’ exception of lack of in personam jurisdiction.
The action against Milton B. Gold and Ruth Gold, d/b/a Gold Foundry and Machine Works, was brought under the Louisiana Long Arm Statute [La.R.S. 13:3201 through 13:3207]. Plaintiff has not appealed the judgment dismissing his suit as against these defendants. We will not comment on. this judgment except to the extent required to respond to the appellee’s contentions.
The action against Employers was brought under the Louisiana Direct Action Statute [La.R.S. 22:655]. Employers argues that absent jurisdiction over its insured the plaintiff cannot have jurisdiction and/or a right of action against the insurer.
We find that the Louisiana Direct Action Statute is not a legislative grant of jurisdiction over insurance companies, it merely allows claimants a direct right of action against liability insurers when there exists a cause of action against the insured or where the insured would be liable but for an immunity personal to him. Morse v. Hartford Casualty Insurance Company, 301 So.2d 741 (La.App. 3rd Cir. 1974); McKeithen v. M/T Frosta, 435 F.Supp. 572 (D.C.1977). Before a claimant may utilize the direct action procedure, the state must have an independent basis of jurisdiction which satisfies due process requirements.
The question is one of jurisdiction. Employers is a foreign insurer, authorized to do and doing business in Louisiana. Employers was issued a Certificate of Authori *1089 ty to transact business in the State of Louisiana under the provisions of La.R.S. 22:986. Before this certificate can be issued, La.R.S. 22:983(E) requires:
“No certificate of authority to do business in Louisiana shall be issued to a foreign or alien liability insurer until such insurer shall consent to being sued by the injured person or his or her heirs in a direct action as provided in R.S. 22:655, whether the policy of insurance sued upon was written or delivered in the state of Louisiana or not, and whether or not such policy contains a provision forbidding such direct action, provided that the accident or injury occurred within the state of Louisiana. The said foreign or alien insurer shall deliver to the commissioner of insurance as a condition precedent to the issuance of such authority, an instrument evidencing such consent.”
Additionally, La.R.S. 22:985 provides:
“Every foreign or alien insurer shall appoint the secretary of state to be its true and lawful attorney in this state upon whom, or some other person in his office during his absence he may designate, all lawful process in any action or proceeding against such insurer may be served, which shall constitute service on such insurer. Such appointment shall continue in force so long as any contract or other liability of such insurer in this state shall remain outstanding. Whenever such process shall be served upon the secretary of, state he shall forthwith forward a copy of the process by prepaid registered mail to the person designated for the purpose by the insurer.”
In Smith v. Globe Indemnity Co., 243 So.2d 882 (La.App. 1st Cir. 1971), the court found La.R.S. 22:985 sufficiently broad to vest Louisiana courts with jurisdiction in that case. The question in that case was whether Louisiana courts have jurisdiction in a suit by a Louisiana resident against a non-resident workmen’s compensation insurer, on a policy written in another state when the accident and employment occurred in another state. The only contact the insurer had with Louisiana was that it was authorized to do and was doing business in Louisiana.
In Morse v. Hartford Casualty Insurance Company, supra, one - issue was, when a Louisiana resident joint tortfeasor is a named defendant in a tort claim arising from an out of state accident, does Louisiana have sufficient due process “minimum contacts” to find jurisdiction over an insurance company doing business in Louisiana and insuring non-resident defendants with a policy written in another state? In Morse the court found jurisdiction over the insurer but held that there was no right of action under La.R.S. 22:655 since the accident occurred in another state and the insurance policy sued upon was issued in another state. This court in Easterly v. Dynamic Enterprises, Inc., 334 So.2d 467 (La.App. 1st Cir. 1976), writ refused 338 So.2d 288 (La. 1976) approved the finding of jurisdiction over insurers who are qualified to do and doing business in Louisiana but again found no right of action on the part of a Louisiana resident against such an insurer when neither the accident occurred in Louisiana nor was the insurance policy sued upon written or delivered in Louisiana.
For these reasons, we find that Louisiana courts have jurisdiction over Employers.
The next question is, does plaintiff have a right of action against Employers? The provisions of La.R.S. 22:655, in pertinent part, provides:
. . The injured person or his or her survivors or heirs hereinabove referred to, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Art. 42, Code of Civil Procedure. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not *1090 and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana. . . (Emphasis added).
In the instant case the injury to the plaintiff occurred in Louisiana. We find that under La.R.S. 22:655 plaintiff has a right of action for his injuries against Employers since (1) there is jurisdiction over Employers, (2) the injury occurred in Louisiana, and (3) plaintiff is allowed to sue the insurer alone by virtue of La.R.S. 22:655.
For these reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings not inconsistent with the views expressed herein.
The defendants-appellees are cast for all costs of this appeal; all other costs are to await the final determination of the action.
REVERSED AND REMANDED.

. This company is also known as Employers Insurance of Wausau.