372 So.2d 807 (1979)
Thomas VINCENT, Plaintiff-Appellant,
v.
PENROD DRILLING COMPANY,[1] Defendant-Appellee.
No. 7048.
Court of Appeal of Louisiana, Third Circuit.
June 20, 1979.
*808 Wm. Henry Sanders, Jena, for plaintiff-appellant.
Hebert, Abbott & Horack, Lawrence E. Abbott and Daniel A. Webb, New Orleans, for defendant-appellee.
Before WATSON, FORET and CUTRER, Judges.
CUTRER, Judge.
Thomas Vincent filed this action for damages under the Jones Act, 46 U.S.C.A. § 688, and the general maritime law in the Parish of LaSalle as a result of injuries he allegedly sustained on May 22, 1978 while working on a drilling rig located in the Gulf of Mexico in United States territorial waters. The defendants are Vincent's employer, Penrod Drilling Company (Penrod), John Whitehead, Granite State Insurance Company (Granite State) and Stonewall Insurance Company (Stonewall), insurers of Penrod.
In response to plaintiff's demands, the defendants filed various exceptions. From judgments sustaining defendant's exceptions and dismissing the suit, plaintiff appeals. We affirm.

EXCEPTION OF IMPROPER VENUE FILED BY PENROD
Penrod's exception of improper venue was sustained by the trial court without written reasons. The plaintiff contends the ruling of the trial court was error for either or all of the following reasons:
(1) By filing answers to plaintiff's interrogatories, plaintiff contends that Penrod made a general appearance, thereby waiving its exception to venue;
(2) Plaintiff contends that Penrod is a foreign partnership and conducted business in LaSalle Parish and is thus amenable to suit therein under the provisions of LSA-C.C.P. Articles 42 or 77;
(3) Plaintiff further contends that John Whitehead, a resident of LaSalle Parish, is a joint and solidary obligor with Penrod, thus LaSalle Parish is the proper venue for a suit against Penrod.
We will discuss these contentions in the order listed.

(1)
Plaintiff's contention, that Penrod made a general appearance by answering plaintiff's interrogatories, is without merit. Plaintiff relies on LSA-C.C.P. Art. 7 in support of his position.
The same issue was presented to this court in the case of Stelly v. Quick Manufacturing, Inc., 228 So.2d 548 (La.App. 3rd Cir. 1969), where the court held as follows:
"[2] Article 7 of the Louisiana Code of Civil Procedure provides, in part:
`Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
* * * * * *
(2) Extension of time within which to plead; * * *
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant. * * *
*809 `When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory exception therewith, or the filing of the peremptory exception or an answer therewith when required by law, does not constitute a general appearance.'
"Although this Article does not specifically list the filing of answers to interrogatories as pleadings which may be filed without subjecting the answering party to the jurisdiction of the court, we believe that a party who files answers to interrogatories cannot be said to be seeking `relief,' as that term is used in Article 7." (Emphasis added)
The filing of answers to the plaintiff's interrogatories cannot be said to be seeking "relief" as the term is used in Article 7.

(2)
Plaintiff's contention, that LaSalle Parish is the proper venue for the suit on the basis that Penrod, a foreign partnership, did business in that parish, is without merit. First, the unrefuted affidavit by Frank K. Newlin, Operations Manager of Penrod, states that Penrod conducted no business in LaSalle Parish, nor did Penrod have a business office in that parish. Secondly, LSA-C.C.P. Art. 42(6)[2] and Art. 77[3] designate the proper venue for suits against a foreign partnership. Article 42(6) authorizes such suit in the parish of the designated agent for the service of process. Article 77 authorizes such suit in the parish where a business office or establishment of the partnership is located. The service instructions on plaintiff's petition request service on Penrod in two parishes, Terrebonne and Lafayette. The record contains two services of process. One service shows that Penrod was served in Lafayette Parish and the other shows service on Penrod, through Don Martin, in Terrebonne Parish. LaSalle Parish would be improper venue for suit against Penrod under such circumstances.

(3)
Plaintiff also contends that the trial court erred in dismissing Penrod because Penrod is jointly or solidarily liable with defendant John Whitehead. Plaintiff, in his brief, alleges that Whitehead was an employee of Penrod and contends that since Whitehead is a resident of LaSalle Parish, venue is proper for both Whitehead and Penrod as they were solidary obligors under LSA-C.C.P. Art. 73[4]. The trial court, as hereinafter set forth, properly dismissed Whitehead on an exception of no cause of action. Since Whitehead was dismissed before trial on the merits, Penrod could properly object to venue as no basis for venue on this ground remained. Verdun v. Plaisance, 339 So.2d 533 (La.App. 4th Cir. 1976).
We conclude that the trial court properly sustained the exception of improper venue filed by Penrod.

EXCEPTION OF NO CAUSE OF ACTION FILED BY JOHN WHITEHEAD
Plaintiff contends that the trial court erred in sustaining John Whitehead's exception of no cause of action.
*810 Plaintiff asserts a claim under the Jones Act, 46 U.S.C.A. § 688, for negligence as well as claims under the general maritime law for unseaworthiness and maintenance and cure. Such claims cannot be made against John Whitehead, an alleged co-employee.
"A suit under the Jones Act can be brought against the seaman's employer only, for the right of action given to the seaman to recover damages for injuries sustained in the course of his employment... accrues only where an employer and employee relationship exists." M. Norris, Law of the Sea Vol. 2 § 670 (3rd Ed.)
Likewise, plaintiff cannot maintain a claim for damages against Whitehead for the vessel's unseaworthiness. The obligation to furnish a seaworthy vessel to the crew members is owed by the owner or operator of the vessel. M. Norris, Law of the Sea Vol. 2 § 613 (3rd Ed.) This obligation cannot be extended to a co-employee. Plaintiff's brief contends that Whitehead was a co-employee. There is no contention that he was the owner or operator of the vessel.
As to maintenance and cure, M. Norris, Law of the Sea Vol. 2 § 545 (3rd Ed.) states:
"The ancient duty of the vessel and shipowner to provide the sick and injured seaman with maintenance and cure arises from the contract of employment and the peculiar relationship existing between the seaman and his vessel. It is an obligation imposed by the general maritime law on the shipowner and the vessel."
A claim for maintenance and cure cannot be made against a co-employee.
In the case of West v. Marine Resources Commission, 330 F.Supp. 966 (E.D.Va.1970), plaintiff asserted claims under the Jones Act, under the general maritime law for unseaworthiness and for maintenance and cure. The claims were filed against individual employees of the Commission. In dismissing the claims against the co-employees, the court held as follows:
"The Jones Act gives a seaman a cause of action against his employer for an injury caused by the employer's negligence; however, none of the individual defendants was West's employer. For the same reason, none of the individuals owed any duty to furnish West with a seaworthy vessel or to provide him with maintenance and cure. The individual defendants, like West, were merely employees of the Commission. Under these circumstances, West's claim against the individual defendants must be dismissed."
The trial court correctly sustained the exception of no cause of action filed by Whitehead as suit may not be maintained against him, as a co-employee, under the Jones Act or general maritime law.

PEREMPTORY EXCEPTIONS FILED BY GRANITE STATE AND STONEWALL
Among other exceptions filed by the insurers of Penrod was a peremptory exception of no cause of action. Granite State and Stonewall filed this exception on the ground that the accident occurred outside of Louisiana and the policies insuring Penrod were issued and delivered outside Louisiana.
The court is not bound by the label placed on an exception as the essential nature of the exception remains unaltered. Parks v. Winnfield Life Insurance Company, 336 So.2d 1021 (La.App. 3rd Cir. 1976). The proper label for the exception urged by Granite State and Stonewall is an exception of no right of action and the court will treat it as such.
An exception, on the ground that the Direct Action Statute, LSA-R.S. 22:655, is inapplicable, has consistently been referred to as an exception of no right of action. Esteve v. Allstate Ins. Co., 343 So.2d 353 (La.App. 4th Cir. 1977), aff'd 351 So.2d 117 (La.1977); Morse v. Hartford Casualty Insurance Company, 301 So.2d 741 (La.App. 3rd Cir. 1974). See also: Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 (La. 1968) and Kirchman v. Mikula, 258 So.2d 701 (La.App. 3rd Cir. 1972). The Direct Action Statute refers to a "right" of direct action.
*811 To invoke the Louisiana Direct Action Statute in a maritime action for injuries sustained on the high seas, the insurance policy in question must have been issued in or delivered in Louisiana. Trahan v. Gulf Crews, Inc., 246 So.2d 280 (La.App. 3rd Cir. 1971), rev'd on other grounds, 260 La. 29, 255 So.2d 63 (1971). See also, Koesler v. Harvey Applicators, Inc., 416 F.Supp. 872 (E.D.La.1976) and Sassoni v. Savoie, 327 F.Supp. 474 (E.D.La.1971). This is consistent with the rule that "the right of direct action against a liability insurer in a Louisiana Court is expressly conferred by statute, but only under certain conditions: (1) the accident occurred in Louisiana, or (2) the policy was issued or delivered in Louisiana." Esteve v. Allstate Ins. Co., supra; Webb v. Zurich Insurance Company, supra; and Kirchman v. Mikula, supra.
There is no evidence in the record concerning where the policies insuring Penrod were issued or delivered. However, there is a presumption that the judgment of the trial court is supported by sufficient and competent evidence when there is a factual issue involved and the record contains neither a transcript nor a narrative of facts. Iles v. White, 345 So.2d 1304 (La. App. 3rd Cir. 1977). In this case, the trial court having stated in each of the two judgments[5] that the court considered "the pleadings, evidence and argument of counsel," it must be presumed that the court heard sufficient evidence to support the judgments rendered. Harvey v. McMinn, 238 So.2d 772 (La.App. 1st Cir. 1970).
We thus conclude that the exceptions discussed herein were properly sustained by the trial court. It is unnecessary for us to discuss other exceptions filed by defendants.
For these reasons, the judgments of the trial court dismissing plaintiff's suit are affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] The title to this suit indicates only Penrod Drilling Company as the defendant. By amended petition, however, the remaining defendants, John Whitehead, Granite State Insurance Company and Stonewall Insurance Company, were added.
[2] LSA-C.C.P. Art. 42(6) states:

"A nonresident, other than a foreign corporation or a foreign or alien insurer, who has appointed an agent for the service of process in the manner provided by law, shall be brought in the parish of the designated post office address of an agent for the service of process;..."
[3] LSA-C.C.P. Art. 77 states:

"An action against a person having a business office or establishment in a parish other than that where he may be sued under Article 42, on a matter over which this office or establishment had supervision, may be brought in the parish where this office or establishment is located."
[4] LSA-C.C.P. Art. 73 provides:

"An action against joint or solidary obligors may be brought in any parish of proper venue, under Article 42 as to any obligor who is made a defendant.
"If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants."
[5] One judgment sustained the exceptions filed by Penrod, Granite State and Stonewall, and dismissed the suit as to those defendants. A separate judgment sustained the exception filed by John Whitehead, and dismissed the suit as to this defendant.