398 So.2d 10 (1981)
Stephen C. JONES
v.
MFA MUTUAL INSURANCE COMPANY et al.
No. 8154.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
Brittain & Williams, Joe Payne Williams, Natchitoches, for defendant-relator.
Davis & Simmons, Kenneth N. Simmons, Many, for plaintiff-respondent.
*11 John G. Williams, Natchitoches, Harry A. Johnson, Shreveport, for defendants-respondents.
Before GUIDRY, DOUCET and LABORDE, JJ.
LABORDE, Judge.
On November 14, 1980, we granted a writ of certiorari in this case on the application of Standard Fire Insurance Company of Alabama (Standard Fire) to review the correctness of a ruling of the district court overruling Standard Fire's exceptions of jurisdiction over the person, improper service of process, improper venue, and improper cumulation of actions.

STATEMENT OF THE CASE
On February 20, 1980, Luther Thomas Jones, a resident of Alabama, was fatally injured in a one-vehicle accident on Louisiana Highway 35, in Vermilion Parish. Jones was a guest passenger in the vehicle when the driver lost control of the vehicle causing it to overturn. At the time of the accident, the vehicle was owned by Bobby G. Goss, a resident of Mississippi, and driven by Bonnie T. Williams, a resident of Alabama.
Stephen C. Jones, a resident of Sabine Parish, Louisiana, the plaintiff in the original action, filed suit in Sabine Parish for the wrongful death of Luther Thomas Jones. Subsequently, Edna Lee Jones Oswalt, the mother of the deceased and a resident of Alabama, intervened in the suit filed by Stephen C. Jones, naming Standard Fire Insurance Company of Alabama, Luther Thomas Jones's uninsured motorist carrier, as an additional defendant. Service of process was made on the Louisiana Secretary of State and on Standard Fire by certified mail.
It is stipulated that Standard Fire Insurance Company of Alabama is a foreign insurance company domiciled in Alabama and is not licensed to do business in Louisiana nor is it in fact doing business in Louisiana, nor does it have any agents or employees living or working in Louisiana.
Standard Fire, as defendant in intervention, filed exceptions of lack of jurisdiction over the person, improper service of process, improper venue and improper cumulation of actions. It seeks supervisory relief from the judgment of the trial court overruling these exceptions.

SUPERVISORY RELIEF
The exercise of supervisory jurisdiction by appellate courts is within their plenary power. La.Const. 1974, Art. 5, § 10. Appellate courts will not exercise such jurisdiction unless an error in the trial court's ruling will cause the petitioner irreparable injury or an ordinary appeal will not afford an adequate remedy. Supervisory Powers of the Louisiana Courts of Appeal, Albert Tate, Jr., 38 Tul.L.Rev. 429.
Generally, the courts of appeal deny writ applications complaining of the overruling of exceptions on the basis that the relator may win on the merits or may obtain adequate relief on appeal after trial on the merits. However, this policy is not absolute, for the appellate court may, in its discretion, grant applications for supervisory writs in the interest of efficient judicial administration and fundamental fairness to the litigants. Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir. 1978).

ON THE MERITS
Standard Fire has been joined as a defendant to this suit pursuant to the Louisiana Direct Action Statute, LSA-R.S. 22:655. However, this statute merely provides a right of action against insurance companies. Therefore, an independent basis of jurisdiction must exist before a non-resident insurer can be sued under the Direct Action Statute. See Morse v. Hartford Casualty Ins. Co., 301 So.2d 741 (La.App. 3rd Cir. 1974); McKeithen v. M/T Frosta, 435 F.Supp. 572 at 576 (U.S.D.Ct., La.1977). In Morse, supra, at page 743 we stated:
"The quoted statute is not jurisdictional. Instead the cited provisions deal with venue. In Davis v. Hanover Insurance Company, 289 So.2d 292 (La.App. 3 Cir. *12 1974), we discuss the venue granted by LSA-R.S. 22:655 holding that C.C.P. art. 42 did not incorporate the exceptions provided in C.C.P. arts. 71-83.
... The Direct Action Statute is not a legislative grant of jurisdiction. It merely gives claimant a direct right of action and a method for enforcing their right against liability insurers when they have a cause of action against the insured, or where the insured would be liable but for an immunity personal to him. Weingartner v. Fidelity Mutual Insurance Company, 205 F.2d 833 (5th Cir. 1953); Taylor v. Fishing Tools, Inc., 274 F.Supp. 666 (U.S. D.C.La., E.D.1967). There must be an independent legislative grant of jurisdiction which satisfies due process requirements of "minimum contacts", together with service of process, before a claimant may utilize this right of direct action against the liability insurer."
It is stipulated that Standard Fire is a foreign insurance company domiciled in Alabama. It is further stipulated that Standard Fire is not licensed to do business in Louisiana nor is it in fact doing business in Louisiana and that it has no agents or employees in Louisiana. It is also stipulated that Standard Fire's insured, Luther Thomas Jones, was a resident of Alabama and that the policy of insurance was issued and delivered in the state of Alabama.
Jurisdiction over the person is based on service of process. LSA-C.C.P. art. 6. Louisiana's "longarm" statute, LSA-R.S. 13:3201[1], confers personal jurisdiction over non-residents for causes of action arising under the circumstances set forth in the cited statute. In light of the stipulated facts, we conclude that the cause of action asserted by intervenor does not arise under any of the circumstances set forth in the cited statute and therefore such statute cannot be relied upon as conferring in the courts of Louisiana personal jurisdiction over Standard Fire.
Neither can personal jurisdiction over Standard Fire be based on the "Louisiana Motorist Longarm Statute", LSA-R.S. 13:3474. This statute provides that a non-resident and his insurer, by operating a motor vehicle on the public highways of Louisiana, are deemed to have submitted to the jurisdiction of this state and to have appointed the Secretary of State as their agent for service of process. This statute is inapplicable to the instant case because it has been stipulated that Standard Fire's insured, Luther Thomas Jones, was not the operator of the vehicle involved, but a guest passenger.
Furthermore, the record reflects that there has been no "minimum contacts" between Standard Fire and the state of Louisiana to satisfy due process requirements. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Adcock v. Surety Research & Inv. Corp., 344 So.2d 969 (La.1977). Standard Fire has had no contact whatever with the state of Louisiana. Its only contact is that it insures persons whom it is foreseeable will travel to Louisiana and will be involved in litigation in Louisiana. The United States Supreme Court in World-Wide *13 Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), held that "foreseeability" alone does not provide sufficient minimum contacts to support jurisdiction under the Due Process Clause.
For the above reasons the writ of certiorari issued herein is made peremptory and the judgment of the Eleventh Judicial District Court dated October 23, 1980, overruling Standard Fire's exception to jurisdiction is reversed and set aside and such exception is hereby ordered sustained and accordingly, it is further ordered, adjudged and decreed that plaintiff in intervention's suit against Standard Fire Insurance Company of Alabama is dismissed.[2] Costs in this court are taxed to plaintiff in intervention, Edna Lee Jones Oswalt.
WRIT MADE PEREMPTORY, JUDGMENT OVERRULING EXCEPTION TO JURISDICTION REVERSED.
NOTES
[1] § 3201. Personal jurisdiction over nonresidents

"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
Amended by Acts 1977, No. 734, § 1, eff. July 21, 1977.
(e) having an interest in, using or possessing a real right or immovable property in this state; or
(f) non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the non-resident formerly resided in this state."
[2] Considering our disposition with regard to the exception of jurisdiction, we do not consider the correctness of the trial court's judgment overruling the exceptions of improper service of process, venue and improper cumulation of actions.