351 So.2d 117 (1977)
Vickey Ann ESTEVE
v.
ALLSTATE INSURANCE COMPANY and Maryland Casualty Company.
No. 59676.
Supreme Court of Louisiana.
October 10, 1977.
*118 E. Kelleher Simon, Murphy & Simon, New Orleans, for defendant-respondent.
Chester Francipane, Francipane, Regan & St. Pee, Metairie, for defendant-applicant.
Lazard Levy, Marrero, for plaintiff-applicant.
MARCUS, Justice.
While vacationing in Florida on September 20, 1974, plaintiff Vickey Ann Esteve, a Louisiana resident, was a guest passenger in a car owned by Mona M. Laurent, a Louisiana resident, and operated by Cynthia A. Ronquille, also a Louisiana resident. Plaintiff was injured when the car in which she was riding collided with a vehicle owned and driven by John W. Lehman, a Florida resident. The accident occurred in the State of Florida. Plaintiff instituted this suit for personal injuries in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, against Mona M. Laurent's insurer, Maryland Casualty Company; Cynthia A. Ronquille and her insurer, State Farm Mutual Automobile Insurance Company; and John W. Lehman's insurer, Allstate Insurance Company. Allstate is a foreign insurance company authorized to do and doing business in Louisiana, but the policy sued upon was issued and delivered in Florida.
Allstate filed an exception of no right of action on the ground that La.R.S. 22:655, Louisiana's direct action statute, was not applicable since the accident occurred in Florida and the policy sued upon was issued and delivered in Florida. The district court maintained the exception and dismissed plaintiff's suit as to Allstate.
Maryland Casualty Company had filed a third party demand against Allstate, which was in turn met by another exception of no right of action on the ground that Louisiana's direct action statute was not applicable. The district court maintained the exception and dismissed Maryland Casualty's third party demand against Allstate.
From the judgments of the district court maintaining the exceptions of no right of action, both plaintiff and Maryland Casualty appealed. The court of appeal affirmed the judgments of the district court.[1] We granted certiorari to review the correctness of this decision.[2]
The sole issue presented for our review is whether appellants have a right of action against Allstate in a Louisiana court vested with jurisdiction over Allstate where the accident occurred in Florida and the liability policy sued upon was issued and delivered in Florida.
At the outset, we reject appellants' contention that the existence of jurisdiction over Allstate has any significance on their right of action.[3] Jurisdiction over Allstate has no bearing on appellants' right of action against Allstate.
Appellants next contend that La.R.S. 22:655, Louisiana's direct action statute, should be interpreted broadly to allow the action against Allstate.
La.R.S. 22:655 provides as follows:

*119 No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors mentioned in Revised Civil Code Article 2315, or heirs against the insurer. The injured person or his or her survivors or heirs hereinabove referred to, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Art. 42, Code of Civil Procedure. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if the same are not in violation of the laws of this State. It is the intent of this Section that any action brought hereunder shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this State.
It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy. (Emphasis added.)
The historical development of the direct action statute is pertinent in our consideration of the merits of this contention.
The origin of Louisiana's direct action statute (La.R.S. 22:655) is Act 253 of 1918 which provided that the insolvency or bankruptcy of the insured would not release the company from liability; and, in such a case, the injured party was given a right of action against the insurer. Act 55 of 1930 amended Act 253 of 1918 to broaden its scope by making executory judgments secured against the insured prima facie evidence of his insolvency, and, further, by giving the injured party or his heirs, at their option, a right of direct action against the insurer company either in the parish where the accident or injury occurred or in the parish where the insured had his domicile. Such action was permitted against the insurer company alone or against both the insured and the insurer company jointly and in solido.
In 1948, Act 55 of 1930 was amended by Act 195. Act 55 had provided that " . . . it shall be illegal for any company to issue any policy against liability. . ." except subject to further provisions in the act. By Act 195 of 1948, the language was changed to read "[n]o policy or contract of liability insurance shall be issued or delivered in this state . . . ."
The legislature again amended the direct action statute in 1950 by Act 541, adding the following language:
This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the *120 State of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana.
Also in 1950, the following subsection was added to La.R.S. 22:983, dealing with authorization of foreign insurers to do business in Louisiana:
E. No certificate of authority to do business in Louisiana shall be issued to a foreign or alien liability insurer until such insurer shall consent to being sued by the injured person or his or her heirs in a direct action as provided in R.S. 22:655, whether the policy of insurance sued upon was written or delivered in the state of Louisiana or not, and whether or not such policy contains a provision forbidding such direct action, provided that the accident or injury occurred within the state of Louisiana. The said foreign or alien insurer shall deliver to the commissioner of insurance as a condition precedent to the issuance of such authority, an instrument evidencing such consent.
This court had occasion to interpret the 1950 amendment to the direct action statute in Webb v. Zurich Insurance Co., 251 La. 558, 205 So.2d 398 (1967). In Webb, the accident occurred out-of-state, but the policy of liability insurance was issued and delivered in Louisiana. The Webb court found the direct action statute applicable to situations in which either (1) the policy was issued or delivered in Louisiana, or (2) the accident occurred in Louisiana. The intermediate appellate courts of this state have followed this interpretation and have refused to extend application of the statute. Esteve v. Allstate Ins. Co., 343 So.2d 353 (La. App. 4th Cir. 1977); Morse v. Hartford Cas. Ins. Co., 301 So.2d 741 (La.App. 3d Cir. 1974); Kirchman v. Mikula, 258 So.2d 701 (La.App. 3d Cir. 1972).
Now we are asked to extend application of La.R.S. 22:655 to a situation in which the accident occurred in another state and the policy sued upon was issued and delivered in another state. Interpreting the statute as a whole and in light of its historical development, we are unable to make such an extension. As noted in Webb, supra, the development of the direct action statute evinces a legislative intent to expand its application; however, the statutory language itself clearly indicates no intent to extend its application beyond that reached in Webb.
The 1950 amendment to the statute clearly indicates that, if the accident or injury occurs in Louisiana, the right of direct action exists whether or not the liability policy was written or delivered in this state. However, if the accident occurs in another state, the place of issuance or delivery of the policy becomes controlling. In the latter situation, the requirements set forth in the preceding part of the statute must be met, i.e., the policy must have been issued or delivered in Louisiana.
Hence, the right of direct action against a liability insurer in a Louisiana court is expressly conferred by statute, but only under certain conditions: (1) the accident occurred in Louisiana, or (2) the policy was issued or delivered in Louisiana. In the present action, neither condition is met; therefore, appellants have no right of action against Allstate under La.R.S. 22:655. Any further extension of the statute is a legislative function. This court cannot disregard the plain and unambiguous language of the statutory provision.
Appellants also contend that, under La. Civil Code art. 1890, a right of direct action exists against Allstate by virtue of a stipulation pour autrui in the insurance policy in favor of the injured party.[4] We reject this contention.
La. Civil Code art. 1890 provides:

*121 A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked.
This article applies generally to situations in which a benefit is given a third party under an agreement between other persons. La.R.S. 22:655 provides specifically for a right of direct action by the injured person or his heirs against a liability insurer, but only under certain conditions.
It is well settled that a statute more specifically directed to the matter at issue must prevail as an exception to a statute more general in character. State v. Maduell, 326 So.2d 820 (La.1976); Teachers' Retirement Sys. of La. v. Vial, 317 So.2d 179 (La.1975). Hence, La.R.S. 22:655 governs situations involving direct actions against liability insurers rather than La. Civil Code art. 1890; and the conditions of the direct action statute must be met. In the present action, since the policy was not issued or delivered in Louisiana and the accident did not occur in Louisiana, appellants have no right of action against Allstate.

DECREE
For the reasons assigned, the judgment of the court of appeal affirming the district court in sustaining the exceptions of no right of action is affirmed.
TATE, J., concurs and assigns reasons.
CALOGERO and DENNIS, JJ., concur for reasons assigned by TATE, J.
DIXON, J., dissents for reasons expressed in the dissent in the Court of Appeal.
TATE, Justice, concurring.
In the writer's opinion the issue is not (as the majority suggests) whether Louisiana's direct action statute, La.R.S. 22:655, confers a cause of action against Allstate. (For the reasons stated by the majority, the statute does not: The policy was issued in Florida and the accident happened in Florida, and thus is not within the scope of a direct action against the insurer authorized by La.R.S. 22:655.)
The issue, rather, is much more complex. The essential issue is whether this foreign insurer, authorized to do business in Louisiana, is subject to suit in the Louisiana courts upon a "direct action" ground against it which is enforceable in the Florida courts. See Shingleton v. Bussey, 223 So.2d 713 (Fla.1969).
Preliminarily, we note that there is no constitutional bar to Louisiana's deciding this claim against a defendant who does business in this state, even though the cause of action arose in Florida and the policy sued upon was issued in Florida. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); Smith v. Globe Indemnity Co., 243 So.2d 882 (La. App. 1st Cir. 1971).
The true issue, therefore, is whether Louisiana statutes or jurisprudence permit the assertion of Louisiana jurisdiction to decide this transitory action arising under Florida facts against a foreign insurer.
By statute, our legislature has sought to make amenable to such Louisiana suit foreign insurers who are authorized to do business here. La.R.S. 22:985 provides that such insurers appoint the Secretary of State as agent for service of "all lawful process in any action or proceeding against such insurer." The statute does not distinguish between claims arising in Louisiana and other claims; it is phrased in the broadest terms. Its terms permit no ground for holding that *122 this statute somehow is limited to claims arising from accidents in Louisiana. See Smith v. Globe Indemnity Co., 243 So.2d 882, 885 (La.App. 1st Cir. 1971).
In Morrison v. New Hampshire Insurance Co., 249 La. 546, 187 So.2d 729 (1966), discussed at 28 La.L.Rev. 390-392 (1968), we decided a substantially similar case. There, the Louisiana plaintiff was the insured in a fire insurance policy covering property in Mississippi. The policy was delivered in Mississippi. We there held that substituted service could be made upon a foreign insurer by virtue of its statutory consent to be sued, despite the circumstance that the cause of action did not arise out of the particular Louisiana activities with which the insurer had filed its consent to be sued "in any action or proceeding" against it.
Consequently, the previous courts were in error in dismissing the present suit simply because the Louisiana direct action statute did not afford the plaintiff a right or cause of action under it.
The plaintiff properly sought to enforce a Florida-created right which permitted a direct action, based upon a Florida-issued policy, for injuries arising out of a Florida action: The defendant insurer had consented to be sued on any cause of action in this state, in connection with applying for and receiving authority to conduct business in this state. La.R.S. 22:982(2) (1960), 22:985 (1958).
Nevertheless, my ultimate conclusion is that Florida recognizes a direct cause of action against an insured as a third party beneficiary only if the insured is joined as co-defendants. Shingleton v. Bussey, 223 So.2d 713 (Fla.1969). The reasons of public policy relied upon by the Florida courts are based upon the rights of joinder of a party interested, as well as upon the third-party beneficiary nature of the insurance contract.
While the matter is not free from doubt, until I am persuaded otherwise, it seems to me that the plaintiff may not assert in Louisiana the Florida direct action against the present insurer without at the same time joining the named insured the "no action" clause of the policy, otherwise enforceable, is under Florida law invalidated only where its enforcement deprives the insured person of the right to join the insurer as a party interested, along with the insured tortfeasor as co-defendants, in order to avoid a multiplicity of suits.
Accordingly, I respectfully concur in the result reached by the majority, although I disagree with its rationale.
NOTES
[1] 343 So.2d 353 (La.App. 4th Cir. 1977).
[2] 345 So.2d 57 (La.1977).
[3] Appellants' reliance on Smith v. Globe Indemnity Co., 243 So.2d 882 (La.App. 1st Cir. 1971) to support their contention that a right of direct action exists is misplaced. Smith did not involve the direct action statute; the issue in that case was jurisdiction. In the instant case, the issue is not whether the Louisiana court has jurisdiction over Allstate but rather whether appellants have a right of action against Allstate.
[4] It should be noted that under Florida jurisprudence no right of direct action exists against the insurer alone. The insured tortfeasor is an indispensable party in any action against the insurer. Florida would allow only a joinder of the insured and insurer. Freed v. State Farm Auto Ins. Co., 491 F.2d 972 (5th Cir. 1974); In re Brent Towing Co., 414 F.Supp. 131 (N.D.Fla. 1975); Shingleton v. Bussey, 223 So.2d 713 (Fla.1969); Ins. Co. of N. America v. Braddon, 285 So.2d 634 (Fla.App.1973); Kephart v. Pickens, 271 So.2d 163 (Fla.App.1972), cert. denied 276 So.2d 168 (Fla.1973). For present Florida law concerning direct actions, see Florida Stats. § 627.7262 (1976), which provides conditions under which insurer may be joined with the insured as a party defendant. Said statute provides that the new law shall take effect October 1, 1976, and shall apply to claims arising out of accidents on or after that date. The present accident occurred on September 20, 1974.