HALL, Chief Judge.
This personal injury action arises out of an automobile accident which occurred in Southaven, Mississippi. The plaintiff, a Louisiana resident, is Willie E. Cook. The defendants are George D. Herring, a Mississippi resident; Malone & Hyde, Inc., a foreign corporation; and Pic Pac, a division of Malone & Hyde, Inc. which employed Herring. A third party demand was filed by Malone & Hyde, Inc. and Pic Pac against State Farm Mutual Automobile Insurance Company, the liability insurer of the vehicle driven by Herring.
State Farm filed an exception of “No Right of Action or No Right of Direct Action” on the ground that LSA-R.S. 22:655, Louisiana’s direct action statute, was not applicable since the accident occurred in Mississippi and the policy sued upon was issued and delivered in Mississippi by a Mississippi agent to a Mississippi resident. The district court maintained the exception and dismissed the third party demand against State Farm. Malone & Hyde, Inc. and Pic Pac appeal the judgment of the district court maintaining the exception of no right of action. They contend that they are entitled to bring a direct action against State Farm because the policy was “written” or “issued” in Louisiana, *808 the policy having been prepared by the State Farm regional office in Monroe, Louisiana for delivery to the agent and the insured in Mississippi.
For the reasons expressed in this opinion, we affirm the judgment of the district court.

The Facts

On April 9,1984, Willie E. Cook, a Louisiana resident, was injured while making delivery to the Southaven, Mississippi warehouse of Malone & Hyde, Inc. Mr. Cook was standing at the rear of his parked 18-wheeler truck when he was struck by a pick-up truck driven by George D. Herring, a Mississippi resident, in the course of his employment by Pic Pac, a division of Malone & Hyde, Inc.
The liability insurer of the pick-up truck operated by Mr. Herring was State Farm Mutual Automobile Insurance Company, which had issued the policy to a Mr. Rasco, a Mississippi resident who was owner of the truck. Mr. Herring was driving the pick-up truck with the permission of the owner and was covered under the omnibus provision of the policy. Application for the policy was made by the owner of the pickup truck to a local State Farm Agent in Southaven, Mississippi. At that time the local agent gave the owner a binder and a policy booklet. The policy application was then sent by the local agent to State Farm’s Mid-South Regional office in Monroe, Louisiana.
Terrence Jones, a State Farm employee, testified that when an application form is received in the Monroe office, an underwriter reviews it to make sure that the person applying for insurance meets the company’s underwriting requirements and to make sure that the local agent has priced the policy correctly. If the application is approved, the information is then entered into a computer which prints out a declarations page and any endorsements that apply to the policy. The declarations page lists the type and limits of coverage provided. All of the documents pertaining to the policy are then gathered together and sent back to the local agent who countersigns the policy and delivers it to the insured. Subsequent premium and renewal notices are sent from the Monroe office to the insured. Payment of those premiums by the insured may be made either to the local agent or directly to the Monroe office. Mr. Jones testified that the declarations page contained the essential elements of the policy and that written on the declarations page was a statement to the effect that the policy consisted of the declarations page, the endorsement and the policy booklet.

Trial Court Opinion

The trial court sustained the exception of no right of action reasoning that even though State Farm had a regional office in Ouachita Parish which “prepared” or “assembled” or even perhaps “wrote or issued” the policy, the minimal contacts of the case with Louisiana did not justify a right of direct action against State Farm.

Specification of Errors

Appellants argue that it was error for the trial court to sustain the peremptory exception of no right of action when the Louisiana Direct Action Statute, as interpreted by the Louisiana Supreme Court, provides a direct action against the insurer when the policy was written or issued in Louisiana, regardless of where the accident occurred. They contend that if the policy is either “written” in Louisiana or “delivered” in Louisiana, a direct action will lie. They also contend that the operations conducted at State Farm’s regional office in Monroe constitute the “writing” or “issuing” of insurance policies and that, therefore, State Farm is subject to a direct action even though the accident occurred out of state.
State Farm, on the other hand, contends that the policy was “issued” when the local agent in Mississippi prepared the binder and delivered it and the booklet containing the basic policy provisions to the insured in Mississippi. It contends that the policy was then in force and a binding contract existed, unless and until one of the cancellation provisions of the policy was exercised.

*809
Discussion

LSA-R.S. 22:655 provides:
No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors mentioned in Revised Civil Code Article 2315, or heirs against the insurer. The injured person or his or her survivors or heirs hereinabove referred to, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Art. 42, Code of Civil Procedure. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if the same are not in violation of the laws of this State. It is the intent of this Section that any action brought hereunder shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this State. (Emphasis supplied) It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy.
The direct action statute has been definitively interpreted in Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 (1967) and Esteve v. Allstate Insurance Co., 351 So.2d 117 (La.1977). In Esteve, the statute was explained as follows:
The Webb court found the direct action statute applicable to situations in which either (1) the policy was issued or delivered in Louisiana, or (2) the accident occurred in Louisiana.
[I]f the accident or injury occurs in Louisiana, the right of direct action exists whether or not the liability policy was written or delivered in this state. However, if the accident occurs in another state, the place of issuance or delivery of the policy becomes controlling. In the latter situation, the requirements set forth in the preceding part of the statute must be met, i.e., the policy must have been issued or delivered in Louisiana.
Hence, the right of direct action against a liability insurer in a Louisiana court is expressly conferred by statute, but only under certain conditions: (1) the accident occurred in Louisiana, or (2) the policy was issued or delivered in Louisiana.
In Webb, the policy of insurance was secured by a Louisiana insured through a Louisiana agent and was delivered in Louisiana but the accident occurred out of state. The court held that a direct action was available. In Esteve, the policy was neither issued or delivered in Louisiana nor *810 did the accident occur in Louisiana. The court held that a direct action was not available.
Although the State Farm policy sued upon in this case was prepared in Louisiana, it was to be delivered in Mississippi to a Mississippi resident. The issue to be decided is whether the policy was “issued or delivered in this state” as that term is used in the context of the direct action statute as interpreted and explained in Webb and Esteve.
In referring to “the requirements set forth in the preceding part of the statute” in the excerpt from the Esteve opinion quoted above, the court was referring to the first sentence of Section 655 which provides that “No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions _”[1] Numerous sections of the insurance code contain identical or similar language, using “issued or delivered in this state” and “delivered or issued for delivery in this state” interchangeably. The phrase “issued or delivered” is a shorthand reference for the phrase “delivered or issued for delivery in this state,” which is used frequently throughout the code. See, for example, Sections 629 and 636.1. The scheme and intent of the code is to deal with and regulate policies issued for delivery or delivered in this state, not policies issued in this state for delivery in another state. It follows that the intent of Section 655 is to provide for a direct action, negating the “no action” clause ordinarily contained in liability policies, where the policy is issued for delivery in this state or delivered in this state. Additionally, the direct action is made available where the accident occurs in this state, regardless of where the policy is written (issued) or delivered.
Thus, “issued or delivered” as used in Section 655 means the same thing as “issued for delivery or delivered in this state” and does not encompass policies secured in another state and merely prepared in this state for issuance and delivery to an out-of-state insured.
The policy sued upon in the instant case was prepared by the regional office of the insurance company located in Louisiana, but was mailed by that office to a Mississippi agent to be delivered to a Mississippi insured. It was not issued for delivery in this state. The accident occurred in Mississippi. Unlike the Webb case in which the policy was secured by a Louisiana insured from a Louisiana agent, this policy was secured by a Mississippi insured from a Mississippi agent. Accordingly, Section 655 does not apply and the plaintiff in this case does not have a right of direct action against the liability insurer of the non-resident insured. The judgment of the district court sustaining the peremptory exception of no right of action or no right of direct action is correct.

Decree

For the reasons assigned, the judgment of the district court is affirmed, at appellants’ cost.
AFFIRMED.

. The term "written or delivered in the state of Louisiana" as used subsequently in the statute seems synonymous with "issued or delivered in this state” as used in the first sentence.