Dear Sirs and Madam:
This office is in receipt of your opinion request asking us to consider whether the Department of Public Safety and Corrections may convey a conservation servitude over a parcel of land under its jurisdiction. The parcel of land in question is a large tract of undeveloped land located adjacent to the Louisiana State Penitentiary in West Feliciana Parish. You advise us that in 1981 the Department of Corrections leased the property in question to the Office of State Parks. The term of the lease on the aforementioned property was ninety-nine years.
To determine whether the lease entered into in 1981 is still valid and whether a conservation servitude can be created on the property, we look first to LSA-R.S. 15:834 concerning lands under the control of the Department of Corrections. It provides;
 The director of corrections shall have the power and authority, with the approval of the Board of Corrections, to lease (but not for oil, gas or other minerals) any of the lands owned by the state and under the control of the department which is not being used, which lease shall not be for a longer period than January 1st after the inauguration of an incoming administration. The director shall have the right to grant rights of way across state owned lands under its jurisdiction for the purpose of laying pipe lines, gas lines, water lines and transmission of electricity for power and light and also for telephone and telegraph lines and to enter into the necessary contracts which shall provide for the payment of an adequate consideration. The director shall also have the authority, with the approval of the Board of Corrections and the Governor, to buy lands needed for the proper use of any institution under the jurisdiction of the department; and also to sell and transfer to any other state agency real property belonging to the state and under the jurisdiction of the department.
We first note that the Department of Corrections was reorganized and merged with the Department of Public Safety in 1983. Acts 1983, No. 97. Pursuant thereto, the functions of the director and Board of Corrections under R.S. 15:834 were assumed by the Secretary of the new Department of Public Safety and Corrections. R.S. 36:409F.
Our interpretation of R.S. 15:834 leads us to the conclusion that the lease entered into in 1981 is no longer valid. In January 1984, a new administration took office. Therefore, the lease remained valid only until the January 1st after the 1984 inauguration, or more specifically, January 1, 1985. A state agency generally has authority to lease its property for a term not to exceed ninety-nine years. La. R.S.41:1292. In this case, the more restrictive limitation in R.S.15:834 is specific to the Department and therefore supersedes the general provision.[1]
The next issue is whether the secretary may convey a conservation servitude over the above described property in order to preserve the property in its natural state as well as retain its function as a buffer area. The Louisiana statutes creating conservation servitudes are found in LSA-R.S. 9:1271 et seq. The pertinent statutory provisions provide:
1272. Definitions.
As used in this Chapter unless the context otherwise requires:
(1) `Conservation servitude' means a nonpossessory interest of a holder in immovable property imposing limitations or affirmative obligations the purposes of which include retaining or protecting natural, scenic, or open-space values of immovable property, assuring its availability for agricultural, forest, recreational, or open-space use, protecting natural resources, maintaining or enhancing air or water quality, or preserving the historical, archaeological, or cultural aspects of unimproved immovable property.
(2) `Holder' means:
 (a) A governmental body empowered to hold an interest in immovable property under the laws of this state or the United States;
 (b) A charitable corporation, charitable association, or charitable trust, the purposes or powers of which include retaining or protecting the natural scenic, or open-space values of immovable property, assuring the availability of immovable property for agricultural, forest, recreational, or open-space use, protecting natural resources, maintaining or enhancing air or water use, maintaining or enhancing air or water quality, or preserving the historical, archaeological, or culture aspects of unimproved immovable property.
(3) Third party right of enforcement' means a right provided in a conservation servitude to enforce any of its terms granted to a governmental body, charitable corporation, charitable association, or charitable trust, which, although eligible to be a holder, is not a holder.
1273. Creation, conveyance, acceptance and duration
 A. Except as otherwise provided in this Chapter, a conservation servitude may be created, conveyed, recorded, assigned, released, modified, terminated, or otherwise altered or affected in the same manner as other servitudes created by contract.
 B. No right or duty in favor of or against a holder, and no right in favor of a person having a third party right of enforcement shall arise under a conservation servitude before its acceptance by the holder and a recordation of the acceptance.
 C. A conservation servitude is unlimited in duration unless the instrument creating it otherwise provides.
 D. An interest in immovable property in existence at the time a conservation servitude is created is not impaired by the conservation servitude unless the owner of the interest is a party to the conservation servitude or consents to it.
In determining whether a conservation servitude may be created on the property in question, we again look to LSA-R.S.15:834. This statute allows the secretary of the Department to grant rights-of-way (servitudes) limited to rights-of-way for utilities on property under the control of the Department. This does not include conservation servitudes. Although the law creating conservation servitudes was enacted after R.S. 15:834, it is a law of general application and does not supersede R.S.15:834.[2]
R.S. 15:834 also allows for the purchase of property and for the sale and transfer of land under the jurisdiction of the Department. The sale and transfer of land may only be to another state agency. Unlike leases and rights-of-way, the purchase or sale of land requires the approval of the governor. It is the opinion of this office that the right to sell and transfer property includes the lesser right to convey a conservation servitude.
In conclusion, it is the opinion of this office that the lease entered into between the Department and the Office of State Parks is no longer valid. It is further our opinion that the secretary of the Department is limited by LSA-R.S. 15:834 to conveying a conservation servitude on lands under its control to another state agency and may only do so with the approval of the governor.
We hope the foregoing has been helpful. Should you have any further questions, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________________ FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/tp
cc: Lisa Creasman, Director The Nature Conservancy
[1] Estave v. Allstate Insurance Company, 351 So.2d 117 (La. 1977) ("It is well settled that a statute more specifically directed to the matter at issue must prevail as an exception to a statute more general in character.").
[2] Id.