Dear Ms. Holt:
This office is in receipt of your recent request for an Attorney General's Opinion regarding disposition of several pieces of office furniture and equipment. You advise that as a result of the State Council on Vocational Education closing on June 30, 1997, you began the process to transfer and surplus all property in accordance with state property regulations. According to the attachments to your letter, the process to transfer the property began prior to April 21, 1997 but was not approved until May 6, 1997. In the mean time, House Bill 491, creating the Louisiana Work Force Commission, was winding its way through the legislative process, ultimately signed into law by the Governor on April 30, 1997, becoming Act 1 of the 1997 Regular Session of the Louisiana Legislature. Section 12 of Act 1 provides:
 The materials, furniture, and other assets and property and the unexpended and unobligated appropriations and other funds of the State Council on Vocational Education shall be transferred to the Louisiana Work Force Commission on June 29, 1997.
Section 10 of the Act provides that Section 12 becomes effective on the date of the signature of the Governor, which was April 30, 1997. It is the opinion of this office that this recent expression of legislative will, specific to the property in question,[1] should control and the property should be transferred to the Louisiana Work Force Commission on June 29, 1997.
We trust the foregoing has been helpful. Should you have any further questions, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________ FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/tp
[1] Estave v. Allstate Insurance Company,351 So.2d 117 (La. 1977) ("It is well settled that a statute more specifically directed to the matter at issue must prevail as an exception to a statute more general in character.").