Dear Mr. Shoemake:
On behalf of the West Feliciana Parish Police Jury, you had asked this office to advise whether any provision of state law prohibited Mr. Lloyd Lindsey, the West Feliciana Parish Superintendent for public schools, from also holding the position of single sales tax collector for West Feliciana Parish.
Subsequent to our receipt of your letter, and prior to the release of this opinion, we are advised that Mr. Lloyd Lindsey passed away; this office expresses our condolences at his passing. Such an occurrence makes unnecessary an analysis of the dual officeholding provisions as might have been applicable to Mr. Lindsey.
However, because it is likely that similar situations have arisen in other parishes, and to clarify the previous opinions of this office, we find it necessary to generically address the legal issue presented, specifically, may a parish superintendent of schools also hold the position of parish single sales tax collector?
In general, the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., governs the holding of certain combinations of public offices and employments. Typically, one holds "appointive office", "employment", or "elective office" as these terms are defined by La.R.S. 42:62. It is always critical to a dual officeholding analysis to first determine what kind of positions are held, as the applicability of the prohibitions of La.R.S. 42:63 depend upon these definitions.
An individual is elected to the position of parish superintendent under the authority of La.R.S. 17:54(B)(1)(a), providing that "each city, parish, and other local public school board shall elect a superintendent of schools". Thus, for purposes of the dual officeholding definitions, a parish superintendent of public *Page 2 
schools holds an "appointive office", meaning "any office. . . . specifically established by . . . the constitution or laws of this state. . . . which is filled by appointment or election . . . by a governmental body. . . ." See La.R.S. 42:62(2).
The position of parish single sales tax collector is similarly considered an "appointive office" as defined by La.R.S. 42:62(2). A parish establishes a "single sales tax collector" and can appoint an individual to the position under the authority of La.Const. Art. VII § 3(B)(1) which provides, in part:
 (B)(1) Notwithstanding any contrary provision of this constitution, sales and use taxes levied by political subdivisions shall be collected by a single collector for each parish. On or before July 1, 1992, all political subdivisions within each parish which levy a sales and use tax shall agree between and among themselves to provide for the collection of such taxes by a single collector or a central collection commission. . . . (Emphasis added).
An individual holding the position of parish superintendent of schools and at the same time holding the position of parish single sales tax collector holds two appointive offices under the dual officeholding provisions. While R.S. 42:63(E) prohibits the holding of two full-time appointive positions, the prohibition becomes inapplicable where one position is part-time. See La.R.S. 42:62(2).[1]
Our analysis, if limited to an application of the dual officeholding provisions cited, would not prohibit an individual from holding both appointive offices, if one of the positions were held on a part-time basis.
However, there is a specific provision in La.R.S. 17:54(B)(1) which states "[the superintendent] shall be required to devote his entire timeto the office of superintendent of schools." Further, La.R.S. 17:90
provides that "each parish superintendent of schools . . . shall keep his office open during the usual office hours to receive the reports of teachers and others and to transact the business required of him, except during the time he is visiting schools or attending to his duties elsewhere". *Page 3 
As noted, the dual officeholding provisions would not prohibit the holding of these positions. In the alternative, the express language of La.R.S. 17:54(B)(1) requiring a parish superintendent to "devote his entire time to the office of superintendent of schools" would preclude a parish superintendent of schools from accepting another position which, at the very least, imposes duties to be executed during traditional business hours; the position of single sales tax collector falls within that category.
Because different results are reached dependent upon which law is applied, we must decide which law is controlling.
La.R.S. 17:54, containing the requirement that the parish superintendent of schools devote his entire time to that office, was enacted by Act 100 of the 1922 Regular Legislative Session. Our research reflects two opinions of this office, released in 1957 and 1958, which interpret and apply La.R.S. 17:54. In La. Atty. Gen. Op. January 16, 1957, this office advised the principal of Epps High School that he could not also hold the position of parish superintendent of schools, because of the limitation of La.R.S. 17:54. In La. Atty. Gen. Op. January 6, 1958, this office advised the St. James Parish police jury that the parish superintendent could not also be a state legislator, reasoning that La.R.S. 17:54 required the parish superintendent to be a "full time job . . . this conclusion is further strengthened by the provisions of La.R.S. 17:90".
With the enactment of Act 700 of 1979 (La.R.S. 42:61, et seq.) all laws relating to dual officeholding and dual employment, including the limitation imposed by La.R.S. 17:54, were generally repealed.
However, La.R.S. 17:54 has been revived several times by the legislature. See Act 228 of the 1998 Regular Legislative Session, Act 1005 of the 1990 Regular Legislative Session, Act 107 of the 1998 1st Ex. Session, Act 857 of the 1999 Regular Legislative Session and Act 482 of the 2005 Regular Legislative Session.
At this juncture, we note that this office has issued a number of opinions which apply the dual officeholding provisions to various scenarios involving a parish superintendent of schools who, at the same time, held another public office or position of public employment. In La. Atty. Gen. Op. 90-605, this office advised that a parish superintendent of schools is employed in a professional educational capacity and is exempt from the prohibitions of the dual officeholding law which would otherwise prevent him from holding a position on the State Board of Elementary and Secondary Education. In La. Atty. Gen. Op. 91-359, this office advised that a parish superintendent, employed in a professional educational capacity, could also hold the elected office of mayor. In La. Atty. Gen. Op. 96-191, this office advised that a parish superintendent could also teach part-time at McNeese University. In La. Atty. Gen. Op. 99-391, this office advised that a *Page 4 
parish superintendent of schools could hold a position on the BESE board, in light of the professional educational capacity exemption of La.R.S. 42:66(B). In La. Atty. Gen. Op. 99-393, this office advised that a parish superintendent could also serve as police juror, again in reliance upon the professional educational capacity exemption of La.R.S. 42:66(B).
While the cited opinions contain a correct analysis of the dual officeholding provisions, the opinions fail to mention the applicability of La.R.S. 17:54. A more complete analysis in these opinions would have included a discussion of the limitation imposed by La.R.S. 17:54, and the repeal and subsequent revival of this limitation by the legislature.
Under the fundamental principles of statutory interpretation, a specific statute controls over a general statute, and the later expression of the legislative will controls over a prior expression.Doyal v. Roosevelt Hotel, 234 So.2d. 510 (La.App. 4th
Cir. 1970); Louisiana Civil Service League v. Forbes, 246 So.2d. 809 (La. 1971); Stein v. Town of Lafitte, 266 So.2d 522 (La.App. 4th Cir. 1972).
Insofar as there are conflicting statutes concerning this issue, we find La.R.S. 17:54(B)(1) prevails over the dual officeholding provisions as a special law and is further controlling as the latest expression of the will of the legislature (the most recent revival in Act 482 of 2005 being subsequent to Act 700 of 1979). See State ex relBrickman vs. Dees, 367 So.2d 283 (La. 1978); Esteve vs. Allstate Ins.Co., 351 So.2d 117 (La. 1977).
It is the opinion of this office a parish superintendent of schools must "devote his entire time to the office of superintendent of schools" under La.R.S. 17:54. Compliance with the statute means a parish superintendent of schools may not also hold the position of parish single sales tax collector.
We hope the foregoing helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
[1] La.R.S. 42:62(4) and (5) state:
(4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time. *Page 5 
 Schools and School Districts The parish superintendent of schools shall be required to devotehis entire time to the office of parish superintendent of schools.
January 16, 1957
Honorable C. W. Gilmore Principal, Epps High School Epps, Louisiana
On behalf of the Attorney General, the writer wishes to reply to your recent letter inquiring as to whether or not you, who have been chosen to act as Parish Superintendent of Schools, can continue to perform the duties of principal in the high school.
We must answer this inquiry in the negative and refer you to R.S. 17 :54, stating that the parish superintendent of schools "shall be required to devote his entire time to the office of parish superintendent of schools."
With regard to your second inquiry as to whether or not the Board could legally give you permission to serve one year as Superintendent with the privilege of returning to your old position, we feel that this is a policy matter to be determined by the Board itself and we find no legal impediment to their doing such.
WM. C. BRADLEY
School Boards may provide, if in a position to do so, additionalcompensation over and above existing minimum salary schedule.
March 22, 1957
Honorable Bernard N. Marcantel District Attorney P.O. Box 488 Jennings, Louisiana
You state that a teacher who had served as principal in one of the high schools in Allen Parish for a number of years resigned and voluntarily accepted a position as a seventh grade classroom teacher, and that the school board without any formal agreement, continued to pay this teacher the same salary that had been paid to him while serving as principal. This additional compensation, which amounted to $700 a year over and above the minimum salary schedule for such classroom teachers, was paid to the mentioned teacher over a period of approximately seven years.
You ask whether the school board may continue to pay such additional compensation to this teacher in view of the minimum salary schedule provided in Act 3 of 1956 for teachers in public schools.
File Clerk FOR REFERENCE ONLY SEE OPINION FILE FOR COPY
 SCHOOLS AND SCHOOL DISTRICTS . . . Govt and Officers #94 SCHOOLS AND SCHOOL DISTRICTS . . . Superintendents #100
 A parish superintendent of schools shall be required to devote his entire time to the office of parish superintendent (R.S. 17:54) and shall keep his office open during usual office hours in order to transact the business required of him, and he shall not be employed in any other service. (R.S. 17:90)
 January 6, 1958 Honorable G. C. Boucvalt Vice President St. James Parish Police Jury Lutcher, Louisiana
Dear Mr. Boucvalt:
Receipt is acknowledged of your letter of January 3, which came to our office today.
You ask the following question: "Can A Superintendent of Public Schools serve as a member of the House of Representatives or a member of the State Senate?"
While the provisions of the Dual Office Holding Act would not be violated, nevertheless the law provides that the Superintendent of public schools of each parish shall be a full time job. Therefore, any other service as a Representative or State Senator would conflict.
We refer you to R.S. 17:54, which provides in part, "The parish superintendent of schools shall not be required to be a qualified elector or a resident of the parish which he is to serve as superintendent. He shall be required to devote his entire time to the office of parish superintendent of schools."
This conclusion is further strengthened by the provisions of R.S. 17:90, which provides in part that "Each parish superintendent of schools shall keep his office open during the usual office hours to receive the reports of teachers and others, and to transact the business required of him except during the time his is visiting schools or attending to his duties elsewhere."
Considering the above, we answer your question in the negative.
With Kind regards, I am
 Sincerely yours,
 Jack P. F. Gremillion Attorney General