Dear Mr. St. Pierre:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You ask several questions regarding liens for grass cutting charges.
First, you ask whether an ordinance is sufficient to enforce the collection of such liens at ad valorem tax sales.
Under La.R.S. 33:1236(21)(a)(i), parish governing authorities have the following power:
 To pass ordinances to compel property owners to cut grass and obnoxious weeds on their property, including property with structures located thereon. If the owners of lots located within subdivisions outside municipalities in the parish fail to cut and remove such grass and weeds when requested to do so, within fifteen days after receipt of a registered or certified letter by the police jury of said parish, the police jury shall have authority to have such grass and weeds cut and removed and to charge the property owners therefor in accordance with regulations adopted by the police jury. Upon failure of any such property owner to pay the charges, the police jury may file a certified copy of said charges with the recorder of mortgages, and the same, when so filed and recorded, shall operate as a lien and privilege in favor of the parish against the property on which said weeds and grass were cut and removed. The lien and privilege granted under this Paragraph, when recorded within sixty days from the date of completion of the cutting or removal, shall have the same ranking as an ad valorem tax lien on immovable property as provided in R.S. 9:4821(1). *Page 2 Parishes may, at their option, pass ordinances to add grass cutting charges as heretofore enumerated to the annual ad valorem tax bill of the property involved if the charges remain unpaid; the ad valorem tax lien imposed thereby and such rights attendant thereto shall coexist with those granted under this Item. [Emphasis added.]
Further, La.R.S. 47:2128 provides as follows:
 All statutory impositions including ad valorem taxes shall be paid along with the taxes. Failure to pay the statutory impositions in addition to the ad valorem taxes shall cause the immovable property to be subject to the same provisions of law that govern tax sales of immovable property.
Considering the express language of La.R.S. 33:1236(21)(a)(i) and La.R.S. 47:2128, it is the opinion of this office that an ordinance is sufficient to enforce the collection of such liens at advalorem tax sales.[1]
Next, you ask whether property can be sold at tax sale even if the property owner does not owe ad valorem taxes due to the homestead exemption.
The homestead exemption applies only to ad valorem
taxes, [2] which are taxes levied in proportion to the value of the property. Conversely, liens for grass cutting charges are statutory impositions that may be collected in the same manner as advalorem taxes. Thus, assuming the parish governing authority has passed an ordinance under La.R.S. 33:1236(21)(a)(i), the property must be sold at tax sale to collect the lien for grass cutting charges even if the property owner does not owe ad valorem
taxes due to the homestead exemption.
Additionally, you ask which prescriptive period applies to liens for grass cutting charges.
La.R.S. 47:2131, with regard to tax sales, provides the following:
 Once three years after December thirty-first of the year in which ad valorem taxes are due have passed, except for adjudicated property, no tax sale shall be conducted with regard to such taxes, provided that the time period shall be suspended by the pendency of any suit which prevents the collection of the taxes, and the time of the suspension shall be excluded from the computation of the three years.
The Louisiana Supreme Court has reasoned that the three year prescriptive period applies to unrecorded liens.[3] As such, the parish governing authority must record the *Page 3 
lien, and the tax collector must sell the property at tax sale within the time period provided for in La.R.S. 47:2131.
Under La.R.S. 33:1236(21)(a)(i), the parish governing authority must record the lien and privilege within sixty days from the date of completion of the cutting or removal in order for it to have the same ranking as an ad valorem tax lien on immovable property as provided in La.R.S. 9:4821(1). Once recorded, the lien and privilege prescribes in ten years from the date of recordation unless a notice of reinscription is timely filed by the parish governing authority in the manner prescribed for reinscription of mortgages.[4]
Next, you ask whether the liens for grass cutting charges are first in rank.
La.R.S. 9:4821(1) specifically provides that liens and privileges granted in favor of parishes for reasonable charges imposed on the property under La.R.S. 33:1236 are first in rank and concurrentregardless of the dates of recordation or notation of such liensand privileges in any public record, public office, or publicdocument. [Emphasis added.] However, La.R.S. 33:1236(21)(a)(i), in pertinent part, provides as follows:
 The lien and privilege granted under this Paragraph, when recorded within sixty days from the date of completion of the cutting or removal, shall have the same ranking as an ad valorem tax lien on immovable property as provided in R.S. 9:4821(1). [Emphasis added.]
The rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.[5]
We are unable to find a way to harmonize La.R.S. 33:1236(21)(a)(i) and La.R.S. 9:4821(1). La.R.S. 33:1236(21)(a)(i) is more specifically directed at liens for grass cutting charges. Therefore, we believe that the liens for grass cutting charges are first in rank and concurrent only if they are recorded within sixty days from the date of completion of the cutting or removal.
Finally, you ask what becomes of the lien and privilege if the sheriff fails to collect it at tax sale. La.R.S. 47:2160 pertinently provides the following:
 Tax sale title to property shall not affect, invalidate, or extinguish the claim of another political subdivision for the taxes due on the property that were not included in the bid price. *Page 4 
Thus, if the grass cutting charges are not included in the bid price for the property, it is the opinion of this office that the property remains subject to the lien.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By:__________________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAH II
[1] In accord is Atty. Gen. Op. No. 97-51(A).
[2] La.Const. art. VII, § 20.
[3] Flowers, Inc. v. Rausch, 364 So.2d 928 (La. 1978).
[4] La.R.S. 9:5685.
[5] LeBreton v. Rabito, 97-2221 (La. 7/8/98)714 So.2d 1226, 1229 (citing State ex rel. Bickman v. Dees,367 So.2d 283 (La. 1978); Esteve v. Allstate Ins. Co.,351 So.2d 117 (La. 1977)).